124 F.3d 212
 80 A.F.T.R.2d 97-6123, 97-2 USTC P 50,688
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary Lee SHARER, Petitioner-Appellant,
v.
COMMISSION OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted on July 14, 1997.**
Decided Aug. 13, 1997.
 
 1
 Appeal from a decision of the United States Tax Court, No. 96-70452.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Mary Lee Sharer ("Sharer") appeals a decision of the Tax Court that she was not entitled to an award under 26 U.S.C. § 7430 for administrative and litigation costs because she had failed to show that the position taken by the Commissioner in either the administrative or judicial proceeding was "not substantially justified." We affirm the Tax Court's decision for the reasons stated below.
 
 
 5
 We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the Tax Court's conclusions of law de novo, and its factual findings for clear error. Condor International, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996). A determination that the Commissioner's position was "substantially justified" is reviewed by an appellate court for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559-63, 108 S.Ct. 2541, 2547-49 (1988); Huffman v. C.I.R., 978 F.2d 1139, 1143 (9th Cir.1992).
 
 
 6
 Section 7430(a) provides that a "prevailing party," in any administrative or court proceeding brought by the United States to recover any tax, may be awarded a judgment for reasonable administrative and litigation costs incurred with respect to such proceedings. A "prevailing party" within the meaning of section 7430 is one (1) "which established that the position of the United States in the proceeding was not substantially justified;"[1] (2) which "has substantially prevailed" with respect to either "the amount in controversy" or "the most significant issues or set of issues presented"; and (3) which meets the requirements of the first sentence of 28 U.S.C. § 2412(d)(1)(B) and 28 U.S.C. § 2412(d)(2)(B).
 
 
 7
 The relevant issue on appeal is not whether the Commissioner's position was substantially justified, but rather whether the Tax Court abused its discretion by finding that Sharer failed to carry her burden of proving that the Commissioner's position was "not substantially justified." See In re Yochum, 89 F.3d 661, 670 (9th Cir.1996) ("The taxpayer bears the burden of establishing that the government's position was not substantially justified").
 
 
 8
 For the purposes of applying section 7430, "substantially justified" means "justified to a degree that could satisfy a reasonable person." Huffman, 978 F.2d at 1147 n. 8 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988)). In making the determination as to whether the government's position was "not substantially justified," the court must look "to the reasonableness of the government's prelitigation administrative actions, as well as that of its later litigation position." Id. Thus, the relevant inquiry is whether the government's positions in the administrative and judicial proceedings were "substantially justified" when they were first asserted. Accordingly, the sufficiency of the government's position should be measured (1) on August 15, 1991, the date on which Sharer received the notice of deficiency, see 26 U.S.C. § 7430(c)(7)(B)(ii), and (2) on January 9, 1992, the date on which the government answered Sharer's Tax Court petition, see Huffman, 978 F.2d at 1148.
 
 
 9
 The Tax Court's finding that Sharer failed to carry her burden is not clearly erroneous. The evidence submitted by Sharer in connection with her motion, did not establish, by a preponderance of the evidence, that the government's position was "not substantially justified" at either of the two dates in question.
 
 
 10
 The government's position against Sharer was substantiated by the following:
 
 
 11
 (1) the fact that Sharer and her husband were married in 1975 and had never legally separated or divorced;
 
 
 12
 (2) the fact that Sharer and her husband had a child in 1986;
 
 
 13
 (3) the fact that Sharer and her husband maintained a joint checking account during all of 1986 and 1987;
 
 
 14
 (4) the fact that Sharer made deposits into that account throughout the period in question;
 
 
 15
 (5) the fact that Sharer worked at Sharer Accountancy with her husband during part of the period in question;
 
 
 16
 (6) the fact that Sharer received checks from Sharer Accountancy during this period denominated as "spousal wages";
 
 
 17
 (7) the fact that Sandra Matsko, the secretary at Sharer Accountancy, believed Sharer and her husband lived together; observed them together in the same house during a Christmas party; and knew of no separate telephone number or address for Sharer's husband;
 
 
 18
 (8) the absence of any testimonial or documentary evidence (e.g., utility bills) establishing that Sharer's husband maintained a separate residence during the period.
 
 
 19
 On the other hand, the government also knew that Sharer's father did not believe that her husband "lived in the marital home" during the time because he never saw him there; that Sharer's husband occasionally stayed with Sharer's brother and Sharer's father's business partner during the period; and that Sharer's husband had told Sharer's brother that he and Sharer were separated. The fatal flaw in Sharer's case is that she has made no conclusive showing of when the government first became aware of these facts. As she had made no such showing, the Tax Court could not have reasonably concluded that she proved, by a preponderance of the evidence, that the government's position was "not substantially justified." Simply, the Tax Court had no basis to make such a finding.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pub.L. 104-168, 101 Stat. 1463, 1464 (June 30, 1996) modified section 2430(c)(4) by striking this requirement. Accordingly, after June 30, 1996, a party seeking an award for administrative and litigation costs under section 7430 no longer must prove that the United States' position was "not substantially justified" in order to recover. However, the 1996 Amendment added subparagraph (B) to subsection (c)(4). This subparagraph provides in pertinent part: "A party shall not be treated as a prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified." Thus, the 1996 Amendments, in effect, shifted the burden of proof on the issue of the government's "substantial justification" from the party seeking an award under section 7430 to the government
 The Tax Court's decision from which Sharer appeals was entered prior to the effective date of the 1996 Amendments and, therefore, applies the law as it existed prior to the 1996 Amendments. Accordingly, pre-1996 Amendments law applies for the purposes of this appeal, and the burden remains on Sharer to prove that the government's position was "not substantially justified" in order to recover.